**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BABCOCK & WILCOX COMPANY d/b/a B & W Construction Company, Respondent.**

No. 83–1410.

United States Court of Appeals, Tenth Circuit.

June 11, 1984.

Mark S. McCarty, Atty., N.L.R.B., Washington, D.C. (Elliott Moore, Deputy Associate General Counsel, William A. Lubbers, General Counsel, John E. Higgins, Jr., Deputy General Counsel, and Robert E. Allen, Associate General Counsel, N.L.R.B., Washington, D.C., with him on briefs), for petitioner.

Mark C. Rosenblum, New York City (William A. Ziegler and Sara Goodman, New York City, with him on brief), of Sullivan & Cromwell, New York City, for respondent.

Before McWILLIAMS, BREITENSTEIN and McKAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioner National Labor Relations Board, NLRB, seeks enforcement of an order that Babcock & Wilcox violated the National Labor Relations Act, §§ 8(a)(1) and (3), 29 U.S.C. § 158(a)(1) and (3), by the discharge of employee Morgheim. We have jurisdiction under 29 U.S.C. § 160(e). The argument is that the NLRB abused its discretion in not deferring to the award of an arbitrator. We order enforcement.

During 1978, Babcock & Wilcox, the Company, was constructing a power generating facility at the Laramie River Power Station near Wheatland, Wyoming. Approximately 20 of the 350 employees at the site were covered by a collective bargaining agreement between the Company and the International Brotherhood of Operating Engineers, Local 400, the Union. The agreement provided that a foreman should confine himself to supervision except in emergencies. Both foreman Metcalf and employee Morgheim, who worked as an assistant oiler, were members of the Union and covered by the agreement. Morgheim had the duty of fueling a 165-ton crane. On May 15 work was suspended and most employees, including Morgheim, were sent home because of heavy rains. Later that day, the refueling truck arrived, and, as Morgheim was gone, foreman Metcalf unlocked the crane and permitted the driver to fuel it.

When Morgheim discovered that the crane had been fueled in his absence, he confronted Metcalf in the presence of two hourly employees. He told Metcalf that he had no business in refueling the crane and that he was going to file intra-union disciplinary charges against Metcalf. Metcalf then threatened to fire Morgheim and reported the incident to assistant project manager Dean. Dean determined that Morgheim should be discharged because of his threat to file charges against his foreman, Metcalf, and the associated insubordination in arguing with and seeking to intimidate Metcalf in the presence of two other employees.

Several days after his discharge, Morgheim filed intra-union charges against Metcalf. Metcalf was found guilty by the Union and fined $300.00. The Company then filed an unfair labor practice charge with the NLRB alleging that the imposition of the fine on Metcalf constituted a violation of the Act. The Administrative Law Judge found that the Union had violated the Act by the imposition of the fine because Metcalf was engaged in the performance of a supervisory function in recommending Morgheim's discharge.

Shortly after his discharge, Morgheim filed a grievance against the Company pur-

suant to the collective bargaining agreement. The grievance proceeded to hearing on August 28, 1983, before an impartial arbitrator. In the arbitration, the Union asserted on Morgheim's behalf, that, among other things, his discharge was improper because it was motivated by the Company's anti-union animus in response to Morgheim's engaging in union activity. In his award issued on October 6, 1979, the arbitrator ruled that the Company had failed to prove that the discharge had been for just cause, and ordered him reinstated. He found that Morgheim was not entitled to back pay because his conduct had been wrongful.

After the Company asserted its unfair labor practice charge against the Union, the Union filed the unfair labor practice charge against the Company that is at issue here. The Union alleged that Morgheim's discharge was the result of union activities, in violation of §§ 8(a)(1) and (3) of the Act, 29 U.S.C. §§ 158(a)(1) and (3). A complaint was issued and an evidentiary hearing was held before an Administrative Law Judge, ALJ. She refused to defer to the arbitrator's findings that Morgheim's conduct was not based on any union activity, and sustained the unfair labor practice charge. This decision was affirmed on August 16, 1982, by a two member majority of the NLRB. Chairman Van de Water dissented on the ground that the NLRB ought to have deferred to the arbitrator's award and dismissed the case. NLRB seeks enforcement of its order.

The Company argues that the Board's failure to defer was an abuse of discretion because (1) the standard applied in refusing to defer—whether the arbitrator considered and resolved the unfair labor practice issue—is not accepted by this circuit, citing *NLRB v. Gould, Inc.*, 10 Cir., 638 F.2d 159, 166, cert. denied 452 U.S. 930, 101 S.Ct. 3065, 69 L.Ed.2d 430; and (2) even if the standard was correctly used, the unfair labor practice issue was presented to and determined by the arbitrator.

In his award, the arbitrator states:

"Finally, the Arbitrator notes that a Section 8(a)(3) unfair labor practice charge has been filed with Region 27 of the National Labor Relations Board, growing out of the facts of this case.... The very last thing the Arbitrator would want to do is to usurp the function of the Board. However, and for what it is worth, the Arbitrator finds no evidence of discharge because of the Grievant's Union activities. Put in its lowest common denominator, this is just a case where an employee and a foreman both lost their tempers and the foreman then acted precipitously and no subsequent investigation was ever held by senior supervision...."

In refusing to defer to this award, the ALJ said:

"The arbitrator's disavowal of any intent to usurp the function of the Board and his off-hand conclusions, contrary to his statement of facts, that he finds no evidence of discharge because of the grievant's union activities show that he never seriously considered whether Morgheim was discharged because he engaged in protected concerted activities or made any attempt to apply Board doctrine to this issue."

The Board has jurisdiction to decide an unfair labor practice charge even though it was the subject of a prior arbitral award. *NLRB v. Gould, Inc.*, 10 Cir., 638 F.2d 159, 166. The Board has a wide discretion in deciding whether to defer, and on review this court looks only to whether this discretion has been abused. The Board set guidelines for this discretion in *Spielberg Manufacturing Co.*, 112 N.L.R.B. 1080, 1082, when it voluntarily deferred to an award where the arbitration procedure was "fair and regular, all parties had agreed to be bound, and the decision of the arbitration panel is not clearly repugnant to the purposes and policies of the Act." The Board has enunciated, and several circuits have approved, a fourth requirement for deference, that the arbitrator must have considered and decided the statutory unfair labor practice issue. See *Raytheon Co.*,

140 N.L.R.B. 883, enforcement denied on other grounds, 1 Cir., 326 F.2d 471; *NLRB v. Magnetics International, Inc.*, 6 Cir., 699 F.2d 806, 809–811; and *NLRB v. Al Bryant, Inc.*, 3 Cir., 711 F.2d 543, 549–550, cert. denied, —— U.S. ——, 104 S.Ct. 699, 79 L.Ed.2d 165.

■ The party seeking deferral has the burden of proof that the statutory issue was decided by the arbitrator. *Ad Art, Inc. v. NLRB*, 9 Cir., 645 F.2d 669, 676. In *Ad Art*, 645 F.2d at 675, n. 2, the court said:

"The Board may change its deference criteria without engaging in conduct which a court would find to be an abuse of discretion. The Board cannot, however, announce a new policy regarding deference to arbitration and then ignore it thereby leading astray litigants who depended upon it."

Several courts have required that the arbitrator must clearly have decided the issue before deference. In *Liquor Salesmen's Union v. NLRB*, 2 Cir., 664 F.2d 318, 325, cert. denied 456 U.S. 973, 102 S.Ct. 2236, 72 L.Ed.2d 847, it appears that the contractual and statutory issues rested on the same factual determination. In *NLRB v. Al Bryant, Inc.*, 3 Cir., 711 F.2d 543, cert. denied —— U.S. ——, 104 S.Ct. 699, 79 L.Ed.2d 165, the court found no abuse of discretion in the Board's refusal to defer where the arbitrator specifically declined to resolve the statutory issue. In that case the Board said that "[b]ased on the tenor of the arbitrator's entire decision, it is clear he did not consider the statutory issue." 711 F.2d at 550.

In *Olin Corporation*, 268 N.L.R.B. No. 86, decided January 19, 1984, the majority determined that the Board will now defer in cases where (1) the contractual issue is factually parallel to the unfair labor practice and (2) the arbitrator was presented generally with the facts relevant to the resolution of the unfair practice question. The majority said that this approach is consistent with Board precedent, citing *Kansas City Star Co.*, 236 N.L.R.B. 866 and *Atlantic Steel Co.*, 245 N.L.R.B. 814.

The dissent felt that this standard was contrary to the prior requirement that the arbitrator actually consider and pass on the unfair labor practice issue for the Board to defer.

■ The Company argues that, under the Board's prior decisions, Morgheim's threat to invoke Union disciplinary proceedings against Metcalf was not protected intra-union activity. It says that the ALJ's attempt to distinguish *Industrial First, Inc.*, 197 N.L.R.B. 714 and *Bovee and Crail Construction Co.*, 224 N.L.R.B. 509, fails. The ALJ found that those cases were different in that the discharged employees were Union officials or executive board members and were acting as agents of the Union when making their threats. In *Bovee and Crail* the Board said that "[e]mployees, acting on behalf of the Union, may under certain circumstances lose the protection of the Act when they engage in" various proscribed activities. 224 N.L.R.B. at 511. As a mere Union member, Morgheim's threat was not unlawful.

■ The Company also says that there is a complete absence of any record evidence to support the conclusion that the Company's motivation in discharging Morgheim was to discourage protected activity. Dean, the assistant project manager who discharged Morgheim, testified that he took the action principally because of Morgheim's threat to file intra-union charges and because he felt that Morgheim was trying to undermine Metcalf's authority. Tr. 25, 30–31. He further said that his decision to discharge Morgheim was based solely on Metcalf's recommendation. Tr. 25, 31, 72.

The arbitrator said:

"The very last thing the Arbitrator would want to do is to usurp the function of the Board. However, and for what it is worth, the Arbitrator finds no evidence of discharge because of the Grievant's Union activities."

The Board's majority said in Footnote 3 to the Decision and Order:

"Our dissenting colleague suggests that we are being overly technical in our reading of the arbitrator's award. In fact, it is our dissenting colleague who is over-zealously seizing upon casual 'for what [they are] worth' remarks, in an attempt to justify deferring to an award which clearly states on its face that it does not intend to resolve the unfair labor practice issue. Thus, we adopt the Administrative Law Judge's finding that deferral would be inappropriate in this case."

The Board did not abuse its discretion in declining to defer to the arbitrator's award. *NLRB v. Gould, Inc.*, 10 Cir., 638 F.2d 159, 166, cert. denied 452 U.S. 930, 101 S.Ct. 3065, 69 L.Ed.2d 430.

The order of the Board is enforced.